22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Alvin R. HALL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
and
Evelyn J. Hall, Intervenor.
 No. 94-3070.
 United States Court of Appeals, Federal Circuit.
 March 17, 1994.
Rehearing Denied April 7, 1994.
 
 Before RICH, NEWMAN, and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Alvin R. Hall appeals the July 12, 1993 decision of the Merit Systems Protection Board (Board) in Docket No. DC0831930349-I-1 affirming a reconsideration decision of the Office of Personnel Management (OPM) dated March 1, 1993 indicating that a Court Order of the Circuit Court of Jefferson County, West Virginia issued on April 3, 1991, apportioning a part of Petitioner's retirement annuity to his former spouse, would be honored. The decision of the Board was made final on October 27, 1993 when the Board denied Petitioner's petition for review. We affirm.
 
 DISCUSSION
 
 2
 Mr. Hall retired from Federal service on December 3, 1988. Prior to his retirement, on October 21, 1988, Mr. Hall elected to receive a Civil Service Retirement System (CSRS) retirement annuity payable only during his lifetime.
 
 
 3
 Mr. Hall was divorced from Evelyn J. Hall on February 25, 1982. In a Court Order dated April 3, 1991, the Circuit Court of Jefferson County, West Virginia directed OPM to remit 30% of Mr. Hall's retirement annuity directly to Mrs. Hall. In addition, the Court Order directed that a certain sum be garnished from Petitioner's annuity for alimony arrearages.
 
 
 4
 In a letter dated September 1, 1991, OPM indicated to Mr. Hall that it would comply with the Court Order. After Petitioner sought reconsideration of that decision, OPM, on March 1, 1993, issued a reconsideration decision affirming its initial decision to honor the Court Order. OPM based its decision on 5 CFR Sec. 831.1704(a) and (b) which set forth that a former spouse is entitled to a portion of an employee's retirement benefits to the extent that such is expressly provided for by a court order.[1]
 
 
 5
 Mr. Hall timely appealed OPM's reconsideration decision to the Board, which, in an initial decision dated July 12, 1993, affirmed the reconsideration decision. That decision was made final on October 27, 1993 when the Board denied Petitioner's petition for review.
 
 
 6
 On appeal, Petitioner maintains that the Administrative Judge (AJ) confused 5 CFR Sec. 838, subpart J with 5 CFR Sec. 838, subpart H and stated that subpart J pertains only to questions concerning entitlement rights to a former spouse survivor annuity. This is incorrect. The AJ correctly applied subpart J as required by 5 CFR Sec. 838.101(c)(2) which explicitly states that "[s]ubpart J of this part applies only to court orders received by OPM before January 1, 1993." Because the Court Order issued on April 3, 1991, subparts A through I are inapplicable as they apply to orders received on or after January 1, 1993. 5 CFR Sec. 838.101(c)(1). Additionally, the AJ correctly recognized that subpart J is not limited to survivor annuities.
 
 
 7
 Petitioner also contends that the Board failed to consider that he retired over two years before the Court Order issued and that the Court Order is not the first order of divorce. According to the Petitioner, both of these facts preclude enforcement of the Court Order as a result of the provisions set forth in 5 CFR Sec. 838.1004(e)(1)(i) and (ii).
 
 
 8
 However, as correctly found by the Board, Petitioner's reliance on section 838.1004(e) is misplaced. That section enumerates requirements "[f]or purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or clarifying a court order that awards, increases, reduces, or eliminates a former spouse annuity." 5 CFR Sec. 838.1003 provides definitions for subpart J (including section 838.1004(e)) and states that "[f]ormer spouse annuity means a former spouse annuity as defined in Sec. 831.603 of this chapter." That section defines a former spouse annuity as "a recurring benefit under CSRS that is payable to a former spouse after the employee's, Member's, or retiree's death." Because the Court Order does not relate to a benefit to be paid to Mrs. Hall after Mr. Hall's death, 5 CFR Sec. 838.1004(e) is not applicable and does not define the requirements of the Court Order. This includes 5 CFR Sec. 838.1004(e)(4)(ii)(A) and (B), which Petitioner also erroneously contends control here.[2]
 
 
 9
 Petitioner, however, contends that the definition of former spouse annuity set forth in section 831.603 cannot be applicable to subpart J because then compliance with section 838.1004(c)(2) would be an "impossibility." We disagree. Section 838.1004(c) sets forth that "[f]or the purposes of awarding a former spouse annuity, the court order must either state the former spouse's entitlement to a survivor annuity or direct an employee, Member, or retiree to provide a former spouse annuity." Petitioner contends, in effect, that if the court order does not state the former spouse's entitlement to a survivor annuity, then the former spouse is not entitled to such an annuity and then the alternative of directing payment cannot be complied with because there is no entitlement. We disagree that there is any ambiguity in section 838.1004(c)(2) and note that in any event, as set forth above, this section is inapplicable because the Court Order does not relate to a survivor annuity.
 
 
 10
 Petitioner next asserts that sections 838.1004(a) and (b), which the Board found control the Court Order, must be read to mean the first order of divorce of a court. According to Mr. Hall, because the Court Order at issue is not the first order of divorce, it cannot be a qualifying court order under sections 838.1004(a) and (b). Petitioner is incorrect. In section 838.1003, a court order is defined as "any judgment or property settlement issued by or approved by any court of any State." As a result of the definition of court order supplied in section 838.1003, sections 838.1004(a) and (b) cannot be read to require that a qualifying court order be the first order of divorce.
 
 
 11
 Similarly, Mr. Hall contends that 5 USC Sec. 8345(j)(1) mandates that a court order pursuant to that provision be the first order of divorce. Again, this is incorrect because section 8345(j)(1) refers to "any court order."
 
 
 12
 Petitioner also addresses the use of the phrase "in lieu of alimony" in the Court Order when addressing section 8345(j)(1). Petitioner asserts that because this phrase does not appear in the statute its inclusion in the Court Order was somehow inappropriate. We are unpersuaded by Petitioner's argument and note that section 8345(j)(1) is not limited as Petitioner contends but rather pertains to "any court order ... incident to any court decree of divorce."
 
 
 13
 Petitioner next addresses the garnishment award in the Court Order. This issue was not addressed by either the Board or OPM because, as OPM advised, the Petitioner has no reconsideration rights with OPM concerning the garnishment. Rather, Petitioner's objections to the garnishment must be addressed to the court that issued the Court Order. Accordingly, we will not address the garnishment award.
 
 
 14
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no grounds present here, we affirm the decision below.
 
 
 
 [1]
 As noted by the Board, these regulations were redesignated as Part 838, Subpart J. The correct citations are 5 CFR Sec. 838.1004(a) and (b)
 
 
 [2]
 We also note that Petitioner's assertions that the Board ignored applicable regulations is unfounded. The Board did not ignore the provisions relating to survivor annuities, but rather correctly found that those provisions do not apply in this case. Similarly, Petitioner's assertion that all requirements of section 838.1004 be met is correct, but only insofar as those provisions are applicable